UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

        - against -

ANDREW MOODY,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Docket. No.  19 Cr. 112 (RMB)

**SUPPLEMENTAL SENTENCING SUBMISSION (SECOND)**
*(Letters of Support, BOP Certificates of Achievement, Evaluations and Recommendations)*

                      *Attorney for Andrew Moody*

                      *Anthony L. Ricco*
                      ANTHONY L. RICCO, ESQ.
                      20 Vesey Street, Suite 400
                      New York, New York 10007
                      (212) 791-3919
                      *Tonyricco@aol.com*

Steven Z. Legon, Esq.
*Of Counsel* and On the Memorandum

# ANTHONY L. RICCO

*Attorney At Law*
20 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10007

TEL. (212) 791-3919   FAX. (212) 964-2926
TONYRICCO@AOL.COM

STEVEN Z. LEGON, ESQ.
*OF COUNSEL*

July 18, 2021

BY ECF

Hon. Richard M. Berman
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, New York  10007

        Re:  **United States v.  Andrew Moody,**
            Docket No. 19 Cr. 112 (RMB)

Dear Judge Berman:

    This letter is the second submission filed to supplement Andrew Moody's request that the court impose a  sentence at variance with the guidelines not to exceed 120 months, pursuant to its authority under *United States v. Booker*, 543 U.S. 220 (2005); and 18 U.S.C. § 3553 (a).

    **I.   Additional Letters From Andrew Moody, Friends and BOP Staff and Programs**

    Attached herewith the court will find a letter of reflection from Andrew Moody, along with letters of support from friends Jessica Acevedo and her daughter, and from Franklyn Acevedo. In addition, there is also an evaluation of Andrew Moody's work performance from a BOP Staff member and a letter of recommendation from the director of the BOP personal improvement program entitled "Lead By Example and Reverse the Trend."  *See*, Exhibit A.

    Counsel is very much aware that a large amount of information has been presented to the court for consideration of Andrew Moody's sentencing.  Counsel also recognizes that the defense sentencing recommendation to impose a sentence at variance with the guidelines which does not exceed 120 months is a challenging request.  However, as stated in the defense sentencing recommendation and the

supplemental submission, the young man before the court for sentencing is uniquely extraordinary and worthy of such consideration. Andrew Moody's life journey has been extraordinarily harsh and abusive, yet his resiliency and promise of redemption is far greater than the barriers that served to derail his life.

Andrew Moody's own words speak of the pain that he has endured in his life, of remorse for the destruction to his community and family caused by his criminal conduct and of hope for the future. The modest letters submitted by family and friends in support of his request for leniency corroborate the journey Andrew Moody has endured, and speak of a young man with tremendous heart and care, who is a loving guiding parent who encourages everyone to reach for excellence. To some, Andrew Moody's words are an inscrutable contradiction, hypocrisy and/or perhaps simply a self-serving effort to avoid application of a harsh Guidelines sentence. The problem with the accuracy of such a perspective is that it is contradicted by far too many independent sources. The letters in support are submitted by a variety of individuals who have avoided criminal conduct, individuals with a history of employment, responsible men, women and children who also comprise the voices of our community - including the neighborhoods where the drug culture perseveres.[1] The letters are submitted by men, women and children who speak of the generosity and inspiration they have experienced from Andrew Moody. This includes a BOP staff member and a grand parent such as Franklyn Acevedo.

The letters submitted in support provide a much needed insight in which to contemplate the punishment to be imposed upon Andrew Moody for his criminal conduct. The letters submitted helps

---

[1] The letters submitted demonstrate the complexity of the negative influence of the toxic mix of poverty, drug abuse and drug trafficking that exists in our society. Some offenders like Andrew Moody are born to drug addicted teenaged parents and raised in family circumstances and within communities that are overwhelmed by the negative conditions of physical and psychological abuse, along with social alienation, economic disenfranchisement, drugs and violence. They simply never had a chance. *See*, Wyrick and Atkinson, "Examining the Relationship Between Childhood Trauma and Involvement in the Justice System," U.S. Dept of Justice, NIJ, Journal No. 283 (April 29, 2021). https://nij.ojp.gov/topics/articles/examining-relationship-between-childhood-trauma-and-involvement-justice-system However, once removed from the paralysis of those situations, a few resilient survivors possess extraordinary qualities that, to outsiders, seem a contradiction the trauma that they, in fact, endured. However, a closer more informed view of their lives helps provide insight into the great loss of promise of the children, like Andrew Moody, who are, in reality, also victims of the vicious cycle of poverty, social alienation, drug abuse and prison.

us understand in real time the observations from the federal bench that "*these defendants are not merely criminals, but human beings and fellow American citizens, deserving of an opportunity for rehabilitation. Even now, they are capable of useful lives, lived lawfully.*" See, *United States v. Bannister*, 786 F.Supp.2d 617, 690 (EDNY 2011). Far from hypocrisy, the observations in the letters submitted helps inform the court that individual sentencing brings meaning to the notion that effective punishment and deterrence does not have to be based upon harshness and extended prison sentences. See, *United States v. Bannister*, supra, 786 F.Supp.2d at 668.

## II. Additional Certificates of Achievement from the BOP

Also included in this second supplemental submission is a complete Inmate Educational Data Transcript dated November 2019, just months before the BOP shut down all programs as a result of the COVID-19 pandemic, along with additional Certificates of Achievement. *See*, Exhibit B. As stated above, also included with this second supplemental submission the court will find an evaluation of Andrew Moody's work performance of job assignments by a BOP staff member and his overall conduct and enthusiasm while detained, and a letter of recommendation from a respected program that is designed to help detainees reverse the inter-generational trend of alienation, abandonment, drugs and prison. *See*, Exhibit A. To some the submitted BOP certificates are of marginal value, and certainly do not compare in value to the academic achievements of those who have escaped the phenomena of the vicious cycle of poverty, alienation, drugs and prison. However, in my experience of nearly four decades in our criminal justice system has revealed that those detainees and inmates who participate in the educational and vocational programs offered by the BOP during their confinement become those who are more likely to succeed upon their release from custody. The participation in the BOP programs also helps demonstrate that but for the toxic circumstances and environments in which many of the detainees were born and raised, their life journeys' may very well have led to a place other than incarceration. Andrew Moody's participation in the BOP programs indicate that in a different

environment, he possess the desire, intellectual curiosity and interest to improve his life. These characteristics support and weigh heavily in the conclusion that a sentence not to exceed 120 months is more than an appropriate punishment to impose in his case.

### III. Conclusion

As stated in our sentencing recommendation, when Congress enacted 21 U.S.C. § 841(b)(1)(A), it set forth a *substantial* 10 year mandatory minimum sentence for kingpins and masterminds in drug trafficking. See, *United States v. Bannister*, 786 F.Supp.2d 617, 647 (EDNY 2011)(citing 132 Cong. Rec. S. 13741–01 (Sept. 30, 1986)(statement of Sen. Biden). All of the letters, photographs, along with his Certificates of Achievement help demonstrate that considering all the factors set forth in 18 U.S.C. § 3553(a), which also includes the circumstances of the offense, a sentence of 120 months is sufficient but not greater than necessary to reach the sentencing objectives of Congress to punish Andrew Moody for his criminal conduct in this case.

Dated: New York, New York
      July 18, 2021

                                        Respectfully submitted,

                                        *Anthony L. Ricco*
                                        Anthony L. Ricco, Esq.

ALR/jh
cc:  AUSA Robert Sobelman (By ECF)